UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYDAR AL KHAFAJI aka HAYDAR AL KHAFATI,[1]<br><br>                           Petitioner,<br>v.<br>CRAIG KOENIG, Warden, et al.,<br>                           Respondents. | Case No.: 19-cv-2413 MMA (LL)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>[Doc. No. 6] |

---

[1] The Court takes judicial notice of Petitioner's prior and separate habeas corpus proceeding in this district, in which his surname is listed as Al Khafaji. *See* S.D. Cal. Civil Case No. 12cv2850 WQH (PCL)); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") The Court also takes judicial notice of the CDCR's inmate locator website, where Petitioner's name is listed as Haydar Al Khafati. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of publicly available information in Bureau of Prisons' online inmate locator). In view of the surnames listed in Petitioner's prior habeas proceeding and on the CDCR inmate locator, the Court **DIRECTS** the Clerk's Office to amend the case caption to reflect Petitioner's surname as Al Khafaji and that Petitioner is also known as Haydar Al Khafati.

1

Haydar Al Khafaji ("Petitioner"), is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254. Doc. No. 1. Petitioner challenges his San Diego County Superior Court convictions in case number SCD224380 of kidnapping for rape, assault with intent to commit rape, and robbery, for which he was sentenced to an indeterminate term of life with the possibility of parole and a three-year determinate term in prison. *Id.* at 1–2. Petitioner articulates two grounds for relief, including: (1) ineffective assistance of trial counsel for failing to present available mental state evidence at trial and sentencing and (2) entitlement to resentencing consideration based on assembly bill number 1812, which amended California Penal Code section 1170(d)(1). *Id.* at 6–7, 23–28. Respondent has filed a motion to dismiss which asserts that "[t]he Court lacks jurisdiction over the Petition because it is second or successive within the meaning of 28 U.S.C. § 2244(B)." Doc No. 6-1 at 1. Respondent has also filed two lodgments in support of the motion: (1) a Report and Recommendation and (2) Judgment, both previously filed in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL). Doc. No. 7. For the reasons discussed below, the Court **GRANTS** Respondent's motion to dismiss, and the Court **DISMISSES** the instant federal Petition without prejudice.

## I. RELEVANT PROCEDURAL HISTORY

On May 7, 2010, in case number SCD224380, Petitioner was convicted by a San Diego County Superior Court jury of one count of kidnap for rape in violation of California Penal Code section 209(b)(1), one count of assault with intent to commit rape in violation of California Penal Code section 220(a), and one count of robbery in violation of California Penal Code section 211.[2] CT 73-75, Lodgment No. 1 in S.D. Cal.

---

[2] With respect to the dates of conviction, sentence, and state appellate and post-conviction proceedings concerning Petitioner's conviction and judgment in case number SCD224380, the Court takes judicial notice of lodgments filed in Petitioner's prior and separate habeas corpus proceeding in this district. *See* Doc. No. 11 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL)); *see also Wilson*, 631 F.2d at 119.

2

Civil Case No. 12cv2850 WQH (PCL). On June 10, 2010, Petitioner was sentenced to an indeterminate term of life in prison with the possibility of parole and an additional consecutive determinate term of three years in prison. CT 51-54, Lodgment No. 1 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL). On June 9, 2011, the California Court of Appeal affirmed the judgment in a reasoned opinion, rejecting on the merits Petitioner's claims that (1) insufficient evidence supported the kidnapping for rape conviction and (2) the trial court erred in not instructing the jury on the lesser included offense of simple kidnapping. Lodgment No. 7 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL). On August 24, 2011, the California Supreme Court denied Petitioner's petition for review. Lodgment No. 9 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL). On January 3, 2013, the California Supreme Court denied a petition for writ of habeas corpus, in which Petitioner primarily contended that counsel was ineffective at the sentencing hearing. Lodgment Nos. 10-11 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL). On November 28, 2012, Petitioner filed a federal Petition in this Court challenging this 2010 judgment in case number SCD224380 and raising claims alleging the following: (1) insufficient evidence to support the conviction of kidnapping for rape, (2) trial court error in failing to instruct the jury on the lesser included offense of simple kidnapping and (3) ineffective assistance of counsel in failing to investigate, prepare and present mitigating evidence at the sentencing hearing.[3] Doc. No. 1 at 6–8, 12–33 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL). In an order dated January 9, 2014, the Court adopted in its entirety a

---

[3] The Court also takes judicial notice of several other filings and orders issued in Petitioner's prior and separate federal habeas corpus proceeding in this district, including the November 28, 2012 federal Petition, December 10, 2013 Report and Recommendation, January 9, 2014 Order Adopting the Report and Recommendation, Denying the Petition and Denying a Certificate of Appealability, and January 10, 2014 Clerk's Judgment. *See* Doc. Nos. 1, 24–26 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL); *see also Wilson*, 631 F.2d at 119.

December 10, 2013 Report and Recommendation which recommended denying the Petition on the merits and denied a certificate of appealability. Doc. Nos. 24, 25 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL).

Petitioner indicates that he filed habeas corpus petitions in the California Superior Court, California Court of Appeal, and California Supreme Court, raising claims of "Ineffective Assistance of trial Counsel; and Petitioner is entitled for [sic] sentence recall to determine and allow the sentencing court judge to use its discretion to modify said sentence," notes that the state appellate court denied his petition on August 14, 2019, and the California Supreme Court also denied the petition. *See* Doc. No. 1 at 3–4, 6–7. Attachment 1 to the instant federal Petition contains a copy of a habeas petition filed on August 29, 2019 in the California Supreme Court in Case No. S257721, which raised one articulated ground for relief, Petitioner's request for resentencing consideration, but in doing so, also argued that Petitioner was entitled to reconsideration based at least in part on the ineffective assistance of trial counsel in failing to present mental state evidence at trial and sentencing. *See* Doc. No. 1 at 14–28. The California Supreme Court's website reflects that habeas petition was denied on November 20, 2019. *See* Case No. S257721 at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0, last visited April 1, 2020. With respect to the instant federal proceedings, Petitioner indicated on the federal petition form that the instant Petition was not his first federal petition challenging this conviction, stating he filed a prior action in "Maybe Central Dist. or Southern?" and that the date of decision was "Unknown." Doc. No. 1 at 5. On the same petition form, Petitioner checked the box next to a question asking if his prior action was dismissed for procedural reasons but did not answer a question asking: "If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?" *Id.* Instead, in a space on the petition form just below that question, Petitioner stated: "Not denied on the merits." *Id.*

## II. DISCUSSION

"Before a second or successive application permitted by this section is filed in the

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is "second or successive" where the petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition). Moreover, "a successive application is permissible only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C. § 2244(b)(2)).

      Respondent moves to dismiss the instant action, contending "[t]he Court lacks jurisdiction over the Petition because it is second or successive within the meaning of 28 U.S.C. § 2244(B)," noting that the first federal petition was denied on the merits in 2014 and the instant petition is the second federal petition. Doc. No. 6-1 at 1. He contends that "[b]ecause Al Khafaji could have included his ineffective assistance of counsel claim in his earlier federal petition for writ of habeas corpus, and because he does not appear to have obtained authorization from the circuit court of appeals to file a second petition, the Court cannot consider the merits of the Petition." *Id.* at 2. Respondent also contends that "Ground 2 does not render the Petition cognizable," asserting that while "[c]hallenges to the denial of resentencing are typically permissible regardless of previously [sic] federal petitions if such claims could not have been previously presented to the federal court," given that "Ground 1 could have been included in Al Khafaji's first federal petition and where there has been no new judgment, inclusion of an otherwise permissible claim does not render the Petition cognizable." *Id.* at 3.

      It is first apparent that Petitioner's indication that his prior federal habeas petition was "[n]ot denied on the merits" *see* Doc. No. 1 at 5, is refuted by the Court's review of that proceeding. The prior federal petition raised three claims of error, including that: (1) there was insufficient evidence to support his conviction of kidnapping for rape; (2) the trial court erred in failing to instruct the jurors on the lesser included offense of simple

kidnapping; and (3) trial counsel was ineffective in failing to investigate, prepare and present mitigating evidence at the sentencing hearing.  *See* Doc. No. 1 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL).  The Report and Recommendation issued in that prior federal action, and subsequent order adopting it in full, clearly resulted in a judgment denying the previous federal Petition on the merits.  *See* ECF Nos. 24–26 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL).  It is also plain that at least with respect to Ground One, the instant petition and the prior petition both challenge the same judgment, and that the facts and events supporting Ground One, which concern counsel's performance at trial, happened well before the time the prior federal petition was filed. *See Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) ("[B]oth § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged."); *see also Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (internal citations omitted) (first citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007); and then citing *Magwood*, 561 U.S. at 333) ("It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition and if the petition challenges the same state court judgment as the initial petition.").

In the opposition to the instant motion to dismiss, Petitioner argues "the respondent's motion must fail in that it specifically assumes that petitioner's Federal Habeas filed approximately seven or eight years ago contains the same claims that petitioner is presenting in this court; here, the respondent is misstaken [sic] because petitioner's first Federal petition did not challenge Ineffective Assistance of Counsel nor did that first petition make any challenges regarding the fact that petitioner had been hospitalized on several occasions prior to his arrest (in a Mental Hospital) and that counsel knew of this fact, but failed to raise this issue and defend petitioner in this regard."  Doc. No. 8 at 1.  This argument is not supported by a review of the record, which reflects that the prior federal Petition indeed advanced a claim of ineffective assistance of counsel.  *See* ECF No. 1 in S.D. Cal. Civil Case No. 12cv2850 WQH

6

(PCL). Moreover, as the Report and Recommendation in that case recognized, the previous federal petition contained a claim alleging trial counsel was ineffective for failing to investigate and present available mitigating evidence at sentencing, including specifically asserting as follows: "Petitioner argues that his attorney should have presented to the court the facts that he did not have a prior criminal record and that he had mental issues." Doc. No. 24 at 9 (citing Doc. No. 1 at 27 in S.D. Cal. Civil Case No. 12cv2850 WQH (PCL). Given that both the prior and instant federal petitions contained claims challenging trial counsel's alleged failure to present evidence of Petitioner's mental health history and issues, even to the extent Petitioner raises a distinct claim of ineffective assistance of counsel in the instant Petition, the fact remains that Ground One challenges the same judgment as was challenged in the prior petition and relies on facts available at the time of the prior petition, rendering it second or successive. *See Brown*, 889 F.3d at 667 (first citing *Panetti*, 551 U.S. at 945; and then citing *Magwood*, 561 U.S. at 333.

Ground Two, meanwhile, suffers from a different and separate deficiency. Respondent correctly observes that "[c]hallenges to the denial of resentencing are typically permissible regardless of previously [sic] federal petitions if such claims could not have been previously presented to the federal court." Doc. No. 6-1 at 3 (citing *Benson v. Chappell*, 2014 WL 6389443, at *4 (C.D. Cal. 2014)). The Ninth Circuit has also previously held that a petition challenging the denial of a state court resentencing petition on due process grounds was not a second or successive petition. *See Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017). The *Clayton* Court reasoned that "under California law, a resentencing petition does not challenge the underlying conviction or sentence; rather, it seeks to obtain the benefits of [a new state law] and results in the entry of a new appealable order or judgment," noting the denial of such a petition "therefore constitutes a new judgment." *Id.* at 844. However, Petitioner does not present any federal challenge to the denial of his resentencing petition. Instead, Petitioner simply restates and refers to the claim raised in state court and only asserts in this Court that

7

"Petitioner is Entitled to a Resentencing Consideration Based on the New Assembly Bill No. 1812." *Compare* Doc. No. 1 at 7, *with* Doc. No. 1 at 16. "Prisoner *pro se* pleadings are given the benefit of liberal construction." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Yet even under a liberal construction, the Court cannot construe the instant Petition as raising a claim of federal error in Ground Two when it is obvious that Petitioner only asserts an entitlement to resentencing consideration under state law. Doc. No. 1 at 7. Because Petitioner simply argues that he is entitled to resentencing and does not assert, much less show, that the state court erred in denying his petition for resentencing, nor alleges any error of federal constitutional dimension arising from that denial, Ground Two is not cognizable on federal review. *See Clayton*, 868 F.3d at 845 (citing *Park v. California*, 202 F.3d 1146, 1149-50 (9th Cir. 2000) ("A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim."); *see also Mills v. Marsh*, 2020 WL 1180433, at * 3 (C.D. Cal. Jan. 9, 2020) (citing *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.")) (collecting cases and recommending denial of federal petition seeking resentencing pursuant to Cal. Penal Code § 1170(d)(1), as amended by Assembly Bill 1812, for failing to state a federal claim for relief). Given that Ground Two is not cognizable on federal habeas review as pleaded, it must be dismissed from the instant Petition. *See Clayton*, 868 F.3d at 845 (reasoning that whether a claim is cognizable "plays no role" in the circuit court's consideration of an application for permission to file a second or successive petition and "it is the province of the district court to consider cognizability of a habeas petition."). This leaves only Ground One remaining in the instant Petition.

Yet, as previously discussed, Ground One is second or successive because it could have been raised in the original federal Petition. Even if Petitioner were able to demonstrate that his petition falls within the statutory provisions allowing for permission to file a second or successive habeas petition, *see* 28 U.S.C. § 2244(b)(2)(A)-(B),

8

Petitioner must still first obtain authorization from the Ninth Circuit Court of Appeals to file a petition in this Court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals."). Again, Petitioner did not provide an answer to the question on the federal petition form asking if the Ninth Circuit had given permission to file a second or successive petition provided the prior petition was denied on the merits, instead writing below that inquiry: "Not denied on the merits." Doc. No. 1 at 5. As discussed above, a review of the record reflects that Petitioner's prior federal action was denied on the merits. Petitioner does not offer anything demonstrating that he has either sought or received permission from the Ninth Circuit to file the instant Petition, nor does a recent search of the Ninth Circuit docket reflect any such filing.

### III. CONCLUSION AND ORDER

As discussed above, because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition with respect to Ground One and because Ground Two as pleaded is not cognizable on federal habeas review, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** this action without prejudice. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and to close the case. Further, the Court **DIRECTS** the Clerk of Court to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: April 2, 2020

HON. MICHAEL M. ANELLO
United States District Judge